AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court
## Western District of Texas

UNITED STATES OF AMERICA

v.

**WARRANT FOR ARREST**

IVAN OCON

CASE NUMBER: EP-06-CR-1078-DB(2)

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ IVAN OCON _____
Name

and bring him or her forthwith to the nearest Magistrate Judge to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense)

CT. 1 & 2 – KIDNAPING; CONSPIRACY TO KIDNAP IN VIOLATION OF 18:1201 (a)(1)(g)(1)(A) & (B)(i) & (ii) & (c)
CT. 4 – FIREARM USED OR CARRIED IN CRIME OF VIOLENCE OR DRUG TRAFFICKING CRIME IN VIOLATION OF 18:924(c)(1)(A)
CT. 6 – INTERSTATE COMMUNICATIONS WITH INTENT TO EXTORT IN VIOLATION OF 18:875(a)
CT. 7 – CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA IN VIOLATION OF 21:846 & 841(a)(1) & 841(b)(1)(A)(D)

In violation of Title _____ United States Code, Section(s) _____

William G. Putnicki                        Clerk, U.S. District Court
Name of Issuing Officer                    Title of Issuing Officer

_____ [signature]                        May 23, 2006        El Paso, TX
Signature of Issuing Officer               Date and Location

Bail fixed at
$ _____ DETAIN W/O BOND _____ by _____ U.S. Magistrate Judge Richard P. Mesa
                                               Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

JUDGE DAVID BRIONES

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> JONATHAN OCON, ) <br> IVAN OCON, ) <br> MARIO ALBERTO FLORES-OCON, ) <br> LUCAS BESU WITTMAYER, ) <br> ▬▬▬▬▬▬▬▬▬▬▬▬ ) <br> ▬▬▬▬▬▬▬▬▬▬▬▬ ) <br> ) <br> Defendants. ) | CRIMINAL NO. EP-06-CR-_____ <br><br> INDICTMENT <br><br> CT 1 & 2: 18:1201(a)(1)(g) <br> (1)(A)&(B)(i) & (ii) & (c)-Kidnaping; <br> Conspiracy to Kidnap; <br> 18:2 - Aiding and Abetting; <br> CT 3 & 4: 18:924(c)(1)(A)-Firearm <br> Used or Carried in Crime of Violence or <br> Drug Trafficking Crime; <br> CT 5 & 6: 18:875(a)-Interstate <br> Communications with Intent to Extort; <br> CT 7: 21: 846 & 841(a)(1) & 841(b)(1)(A)(D) <br> Conspiracy to Possess with Intent to Distribute <br> a Controlled Substance |

THE GRAND JURY CHARGES: **EP06CR1078**

## COUNT ONE
(18 U.S.C. §§ 1201(a)(1)(g)(1)(A)&(B)(i)&(ii) and (c))

That beginning on or about May 4, 2006 and continuing to and including on or about May 5, 2006, in the Western District of Texas, the Republic of Mexico and elsewhere, Defendants,

JONATHAN OCON,
IVAN OCON,
MARIO ALBERTO FLORES-OCON,
LUCAS BESU WITTMAYER,
▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬

did conspire with each other and with others unknown to the grand jury to knowingly and unlawfully seize, confine, kidnap, abduct and carry away, H.B., a person who had not attained the age of 18 years, and did hold H.B. for ransom, reward, and otherwise, and did willfully transport H.B. in foreign commerce, that is, from the United States to the Republic of Mexico, in violation of Title 18, United States Code, Sections 1201(a)(1)(g)(1)(A) &(B)(i)&(ii) and (c).

## OVERT ACTS

In furtherance of the conspiracy and to carry out the object thereof, at least one of the co-conspirators committed or caused the commission of at least one of the following overt acts:

1. On May 3, 2006, Ivan Ocon, Jonathan Ocon, Lucas Besu Wittmayer and others unknown to the grand jury, met with P.R. at a business in El Paso, Texas. At this meeting, they negotiated for the purchase of marijuana.

2. On May 4, 2006, Ivan Ocon, Jonathan Ocon, Lucas Besu Wittmayer and others unknown to the grand jury, met with P.R. and R.H. at a residence in El Paso, Texas. This was the residence of H.B., a person who had not attained the age of 18 years, and other members of his family. The purpose of this meeting was to further negotiate for and to provide a sample of the marijuana which Ivan Ocon, Jonathan Ocon, Lucas Besu Wittmayer and others unknown to the grand jury were going to sell to P.R. and R.H.

3. On May 4, 2006, Jonathan Ocon and R.H. left the aforementioned residence. Subsequently, Jonathan Ocon and R.H. returned to the residence separately. During the time that Jonathan Ocon and R.H. were gone from the residence, H.B., a person who had not attained the age of 18 years, returned to the residence from school.

4. On May 4, 2006, Ivan Ocon, Jonathan Ocon, Lucas Besu Wittmayer and others unknown to the grand jury kidnaped H.B., a person who had not attained the age of 18 years from his residence located in El Paso, Texas.

5. On May 4, 2006, Jonathan Ocon did knowingly use, carry and brandish, a firearm, to wit: a handgun, and did possess the firearm in furtherance of the aforementioned kidnaping of H.B., a person who had not attained the age of 18 years.

6. On May 4, 2006, Ivan Ocon did knowingly use, carry and brandish, a firearm, to wit: a handgun, and did possess the firearm in furtherance of the aforementioned kidnaping of H.B., a person who had not attained the age of 18 years.

7. On May 4, 2006, Jonathan Ocon telephoned P.R. and told P.R. that he (Ocon) wanted $40,000.00 in exchange for the safe return of H.B, a person who had not attained the age of 18 years.

8. On May 4, 2006, Jonathan Ocon and a person unknown to the grand jury transported H.B., a person who had not attained the age of 18 years, to the Republic of Mexico from the United States.

9. On May 4, 2006, Mario Alberto Flores-Ocon telephoned R.H. and demanded a ransom for the safe return of H.B, a person who had not attained the age of 18 years.

10. On May 5, 2006, Mario Alberto Flores-Ocon telephoned R.H. and negotiated and demanded a ransom for the safe return of H.B, a person who had not attained the age of 18 years.

11. On May 5, 2006, Ivan Ocon telephoned R.H. and negotiated and demanded a ransom for the safe return of H.B, a person who had not attained the age of 18 years.

12. On May 5, 2006, ███████████ and ███████████ traveled from an unknown location in Ciudad Juarez, Chihuahua, Mexico to the Paso del Norte Port of Entry in El Paso, Texas for the purpose of retrieving a ransom for the safe return of H.B., a person who had not attained the age of 18 years.

All in violation of Title 18, United States Code, Section 1201 *et seq.*

## COUNT TWO
(18 U.S.C. §§ 1201(a)(1)(g)(1)(A) &(B)(i)&(ii) and 2)

That on or about May 4, 2006, in the Western District of Texas and elsewhere, Defendants,

**JONATHAN OCON,
IVAN OCON and
LUCAS BESU WITTMAYER,**

did aid and abet each other and others unknown to the grand jury to knowingly and unlawfully seize, confine, kidnap, abduct and carry away H.B., a person who had not attained the age of 18 years, and did hold H.B. for ransom, reward, and otherwise, and did willfully transport H.B. in foreign commerce, that is, from the United States to the Republic of Mexico, in violation of Title 18, United States Code, Sections 1201(a)(1)(g)(1)(A) &(B)(i)&(ii) and Title 18, United States Code, Section 2.

## COUNT THREE
(18 U.S.C. §§ 924(c)(1)(A)(ii))

That on or about May 4, 2006, in the Western District of Texas and elsewhere, the Defendant,

**JONATHAN OCON,**

during and in relation to a crime of violence which may be prosecuted in a court of the United States, to wit: kidnaping, a violation of 18 U.S.C. §§ 1201(a)(1)(g)(1)(A)& (B)(i)&(ii), did knowingly use,

4

carry and brandish, a firearm, to wit: a handgun, and did possess the firearm in furtherance of the aforementioned crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT FOUR
(18 U.S.C. §§ 924(c)(1)(A)(ii))

That on or about May 4, 2006, in the Western District of Texas and elsewhere, the Defendant,

### IVAN OCON,

during and in relation to a crime of violence which may be prosecuted in a court of the United States, to wit: kidnaping, a violation of 18 U.S.C. §§ 1201(a)(1)(g)(1)(A)& (B)(i)&(ii), did knowingly use, carry and brandish, a firearm, to wit: a handgun, and did possess the firearm in furtherance of the aforementioned crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii).

## COUNT FIVE
(18 U.S.C. §§ 875(a))

That on or about the May 5, 2006, in the Western District of Texas and the Republic of Mexico, Defendant

### MARIO ALBERTO FLORES-OCON,

willfully and knowingly and with intent to extort the sum of $32,000.00, from R. H., did transmit and cause to be transmitted in interstate and foreign commerce, that is, from the Republic of Mexico to the United States, a telephone communication to R.H., which said communication contained a demand and request for $32,000.00, as ransom and reward for the release of H.B. who had been kidnaped and was then being held for ransom and reward, in violation of Title 18, United States Code, Section 875(a).

5

## COUNT SIX
(18 U.S.C. §§ 875(a))

On or about the May 5, 2006, in the Western District of Texas and the District of New Mexico, Defendant

### IVAN OCON,

willfully and knowingly and with intent to extort the sum of $25,000.00, from R. H., did transmit and cause to be transmitted in interstate and foreign commerce, that is from New Mexico to Texas, a telephone communication to R.H., which said communication contained a demand and request for $25,000.00, as ransom and reward for the release of H.B. who had been kidnaped and was then being held for ransom and reward, in violation of Title 18, United States Code, Section 875(a).

## COUNT SEVEN
(21 U.S.C. §§ 846 & 841(a)(1) & 841(b)(1)(A)(D))

That beginning on or about May 3, 2006 and continuing to and including on or about May 5, 2006, in the Western District of Texas and elsewhere, Defendants,

### JONATHAN OCON,
### IVAN OCON and
### LUCAS BESU WITTMAYER,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with each other, and with others to the Grand Jury unknown and with P.R. and R.H., but who are not indicted herein, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved a mixture or substance containing a detectable amount of marijuana, a Schedule

6

I Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(D).

A TRUE BILL

*[signature]*
FOREPERSON OF THE GRAND JURY

JOHNNY SUTTON
UNITED STATES ATTORNEY

BY: *[signature]*
JUANITA FIELDEN
Assistant U.S. Attorney

7